ANSTEAD, Chief Judge,
dissenting:
Bass Aviation, Inc., a Mississippi corporation with its main office in Alabama, the lessor of an aircraft, was sued in negligence as the result of the crash of the aircraft in Haiti. The aircraft was leased in Alabama to a Bahamian corporation that did business in a number of states, including Florida. Under these facts I do not believe we can say the trial court erred in ruling that Bass was not amenable to service of process under the provisions- of Sec *450 tion 48.193, Florida Statutes (1983), which provides:
48.193 Acts subjecting persons to jurisdiction of courts of state.—
(1)Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits that person and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following:
(a) Operates, conducts, engages in, or carries on a business or business venture in this state or has an office or agency in this state.
(b) Commits a tortious act within this state.
(c) Owns, uses, or possesses any real property within this state.
(d) Contracts to insure any person, property, or risk located within this state at the time of contracting.
(e) With respect to proceedings for alimony, child support, or division of property in connection with an action to dissolve a marriage or with respect to an independent action for support of dependents, maintains a matrimonial domicile in this state at the time of the commencement of this action or, if the defendant resided in this state preceding the commencement of the action, whether cohabiting during that time or not. This paragraph does not change the residency requirement for filing an action for dissolution of marriage.
(f) Causes injury to persons or property within this state arising out of an act or omission outside of this state by the defendant, provided that at the time of the injury either:
1. The defendant was engaged in solicitation or service activities within this state which resulted in such injury; or
2. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use, and the use or consumption resulted in the injury.
(g)Breaches a contract in this state by failing to perform acts required by the contract to be performed in this state.
(2) Service of process upon any person who is subject to the jurisdiction of the courts of this state as provided in this section may be made by personally serving the process upon the defendant outside this state, as provided in s. 48.194. The service shall have the same effect as if it had been personally served within this state.
(3) Only causes of action arising from acts or omissions enumerated in this section may be asserted against a defendant in an action in which jurisdiction over him is based upon this section, unless the defendant in his pleadings demands affirmative relief on other causes of action, in which event the plaintiff may assert any cause of action against the defendant, regardless of its basis, by amended pleadings pursuant to the rules of civil procedure.
(4) Nothing contained in this section shall limit or affect the right to serve any process in any other manner now or hereinafter provided by law.
Subsections (l)(a) through (g) and (3) speak for themselves. Under the evidence, Bass’ activities do not fall into any of these categories. I do not believe we can overturn the trial court’s ruling on the basis of evidence of some prior advertising in Florida or the fact that some other aircraft leased by Bass were used in Florida.